## Chicago, Peoria & St. Louis Railway Company of Illinois v. Charles and William Reuter.

1. REBUTTAL—*when action of court in permitting evidence in, will not be reviewed.* The action of the trial court in permitting the introduction of evidence not strictly in rebuttal will not be reviewed on appeal unless it is manifest that the discretion has been abused and that injustice has resulted.

2. INSTRUCTION—*when need not sum up entire case.* Where an instruction does not authorize the jury to base a verdict upon the facts hypothetically stated therein, and where it is not repugnant in any material respect to any other instruction given in the case, then such instruction must be considered in connection with all the others, as one of a series, and if when the whole series is considered together it be found that the law has been stated correctly, this is sufficient.

3. INSTRUCTION—*when may be refused, notwithstanding it contains correct proposition of law.* An instruction containing a correct proposition of law is properly refused where it constitutes a repetition of the contents of other instructions given.

4. VERDICT—*when not excessive in action to recover for damage to crops.* A verdict in an action to recover damages caused by the backing up of water and flooding of the plaintiff's lands, and the consequent destruction of his crops, amounting to $1625.41, is held, under the particular evidence, not excessive.

Action on the case to recover for damage to crops. Appeal from the Circuit Court of Madison County; the Hon. W. J. N. MOYERS, Judge, presiding. Heard in this court at the August term, 1904. Affirmed. Opinion filed March 17, 1905.

C. W. TERRY, for appellant.

TRAVOUS, WARNOCK and BURROUGHS, for appellees.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was a suit in case, in the Circuit Court of Madison county, by appellees against appellant, to recover damages caused by the backing up of water and flooding of appellees' lands and the consequent destruction of their crops. Trial by jury. Verdict and judgment in favor of appellees for $1,625.41.

The declaration is in substance as follows: That in the

spring of 1902, appellees were in possession of a large body of fertile farming lands in Madison county, Illinois; that defendant at said time and prior thereto was possessed of a certain right of way over and across said lands, which right of way crosses over certain natural depressions of said lands through which the surface water that naturally fell upon these lands and naturally flowed upon them from other lands in times of freshets and high water, naturally flowed; that upon appellant's right of way across these depressions there had theretofore been constructed a certain embankment, which was so carelessly, negligently and improperly constructed, as to leave no sufficient opening to allow the water naturally cast upon the plaintiffs' said lands to pass off of the same through the natural depressions as it would naturally do; that in the spring and summer of the year 1902 and prior thereto, and while the defendant was in possession of said right of way, it wrongfully maintained and continued the embankment in the same improper condition in which it had been constructed, after having been duly requested and notified, etc.; that in the summer of 1902, heavy rains set in and a large quantity of water fell upon the plaintiffs' land and other lands and caused a freshet and high water which naturally drained to and upon the plaintiffs' land and would naturally have escaped therefrom and run off through said natural depressions without damage to the plaintiffs but for said embankment; that the water was stopped by the embankment being so improperly constructed and maintained and was thereby prevented from passing off in its natural course and was forced back upon and flooded plaintiffs' land and damaged and destroyed large quantities of wheat, oats, potatoes and other crops belonging to plaintiffs and which had been grown and were then located upon said lands, to plaintiffs' damage of $5,000.

To this declaration the general issue was filed, and upon this state of pleading the case was tried.

This evidence is so voluminous that a detailed discussion of it is impracticable here. It covers 280 pages of record, and more than 100 pages of abstract.

Counsel contend that the trial court erred in refusing to direct a verdict in favor of appellant. Their position is, first, that appellees failed to establish a *prima facie* case, and second, that appellant conclusively established it as a fact that the rainfall was so unprecedented as to make the consequent flood and damage, "An Act of God," within the meaning of that rule of law which relieves human beings and terrestrial entities from liability.

In this view of the case we cannot agree with counsel. To our minds the evidence fairly tends to prove every material allegation of the declaration, and the jury was abundantly warranted in finding that the flood was not an act of God, within the true meaning of the rule, and so we are of opinion the trial court did not err in submitting the case to the jury.

Counsel insist that no proper proof was made as to any notice to defendant to remove the obstructions complained of. We think the position is not well taken. The record discloses competent and proper evidence tending to prove that verbal notices were given to appellant's road master; to its station agent at Alton and to its train master; and that a comprehensive written notice was properly addressed to appellant, stamped and deposited in the mail, and that the envelope in which the notice was sent bore on it a return request, and was not returned.

Complaint is made of the admission of the testimony of a number of witnesses in rebuttal. Appellant had introduced by way of defense a line of witnesses, and some weather bureau reports, all tending to establish its claim of *vis major,* and appellees were permitted in rebuttal to introduce counter evidence. This was entirely regular. It is true, however, that the trial court did not distinguish as closely as it might, and did in some instances permit testimony to be given that was not strictly in rebuttal, but the court did not deny to appellant the right to introduce any competent evidence on its part that was offered, nor is it pointed out to us that the court denied to it reasonable time or opportunity to produce any further evidence it might wish to offer. The order of introducing and admitting evidence is so far within

the discretion of the trial court that its rulings in that respect will not be reviewed by an Appellate Court, unless it is manifest that the discretion has been abused and that injustice has resulted therefrom; and such is not the case here. In addition to the complaint above noted, many minor exceptions to the rulings of the trial court as to the admission and rejection of evidence were taken and are here urged upon our attention, but none of them are of sufficient importance to call for individual discussion. We are of opinion that the record does not disclose any error in this respect that would warrant a reversal of the judgment.

Appellant excepted to the first instruction given on behalf of appellees, and counsel criticise it in their brief and argument. This instruction does not undertake to sum up the whole of appellees' case, nor does it authorize the jury to find for appellees, upon the facts hypothetically stated therein. The criticism, that it omits certain material elements of appellees' case, and ignores certain material elements of appellant's defense, does not apply to this character of instruction. It is contended that the instruction is misleading. It does not appear so to us, even when considered alone, and it is of that class which may be limited, explained and supplemented by other instructions. Where an instruction does not authorize the jury to base a verdict upon the facts hypothetically stated therein, and where it is not repugnant in any material respect to any other instruction given in the case, then such instruction must be considered in connection with all the others, as one of a series, and if when the whole series is considered together it be found that the law has been stated correctly, this is sufficient; and we find here that every point urged against this instruction is fully covered and emphasized in one or more of the instructions given at the instance of appellant.

Thirty-two instructions were asked on behalf of appellant, twenty-three of them were given, and nine were refused. The refusal of each of the nine is assigned as error. We find that the jury was fully and favorably instructed upon appellant's theory of the case in the twenty-two instructions

which the court gave at its instance and on its behalf, and we find that all that is material and proper to have been given, in the nine refused instructions, is in some way embraced in some one or more of those that were given. It is true that some of the refused instructions state correct propositions of law applicable to certain questions in the case, and if such had been the only ones bearing upon these questions they should have been given, but when counsel ask a number of instructions upon the same question, or involve the same question over and over, again and again in different instructions, knowing as counsel must, that the court ought not to give more than one instruction on one question of a case, he cannot complain if the court should select one of the number which may not state the law as fully and favorably to his side of the case as some other one of the number which the court might have given; much less can he complain of the courts for refusing to duplicate, triplicate, quadruple, etc., instructions upon one question. It is usually as truly error and often more grievous, to emphasize unduly a question in a case by repeatedly referring to it in the instructions as it is to omit it all together. Thirty-two instructions, in a simple case like this, would be much more likely to mislead the jury and confuse the case than correctly to guide them and make their duty clear.

Finally, it is strenuously contended that the amount of the verdict is grossly excessive. This is the really important feature of the case. To our minds the evidence puts appellees' right to recover some amount of damages from appellant almost if not quite beyond the domain of dispute.

The evidence tends strongly to prove that appellees lost entirely 55 acres of wheat, in the shock, and that thirty acres of standing wheat was so badly damaged that appellees could save not more than 6 or 7 bushels per acre, and that what was saved was of no more value than for chicken feed; and that all this would have yielded an average of 35 bushels per acre, and that wheat was worth at that time from 68 to 70 cents per bushel. And besides the wheat, 20 acres of oats, ready to cut, was entirely destroyed; that this would have yielded 40

bushels per acre, and was worth 40 cents per bushel. This would aggregate about $2,100. The harvesting of that part that had not been cut, and the threshing of it all, as shown by the evidence, would have cost about $200, leaving a net loss of about $1,900.

Counsel contend, that if appellant is responsible for any damages, it is not responsible for all of it, and say that the embankments of the Illinois Terminal, Chicago & Alton and the Big Four railroads, contributed to the injury and that this should be taken into consideration. It is not necessary for us to discuss here whether under the facts of this case counsel's contention in this respect is well founded or not. The trial court took counsel's view of it, admitted evidence with respect thereto, and at appellant's request guarded and emphasized this position and contention, in three separate instructions as follows:

"The court instructs you that the defendant railroad company can not be held answerable in this case for any damage which the plaintiffs may have sustained which was directly caused either by an act of God or as the result of an unprecedented rainfall or because of any interference, obstruction or blocking of the natural flow of either the surface or flood waters caused by any other person or corporation other than the defendant."

"The court instructs you that you can not allow anything by your verdict against the defendant for any damage caused plaintiffs as the result of any embankment or obstructions to the flood waters placed by the Chicago & Alton Railroad Company or the Big Four Railroad Company or by The Illinois Terminal Railroad Company or by any other person or corporation other than the defendant."

"The court instructs you that even though you may believe from the evidence that the defendant did some act or acts or omitted some duty or duties, yet if you further believe from the evidence that the proximate cause of plaintiffs' injury was the doing of some act or acts or the omission of some duty then owing from some other person or corporation, and that the acts of the defendant were not the proxi-

mate cause of said injury, your verdict should be for the defendant and you should find the defendant not guilty."

And counsel further contended that appellees' crops would have been damaged by the rainfall and flood on the occasion of the injury complained of, if there had been no embankment of appellant's road, or of any other road. They say all the lands in the neighborhood were overflowed. This aspect of the case is fully covered by evidence pro and con, and appellant's contention with respect thereto was directly submitted to the jury in the instructions; and the amount of the verdict, $1,625.41, shows that appellant's contention as to this and the preceding item, had consideration in the minds of the jury.

We find no error in this record warranting a reversal. The judgment of the Circuit Court of Madison county is affirmed.

*Affirmed.*